

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, C
DATE __5, 24, 04__
BY __DB__

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| DENISE POLK GARRETTE, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JOSEPH JOHN GARRETTE, JR. and DENISE POLK GARRETTE, AS THE NATURAL TUTRIX OF THE MINOR CHILDREN, DAVORIS TREVON POLK, JOSEPH JOHN DELMAR GARRETTE and JOE-NIECIA SADA GARRETTE | CIVIL ACTION NO. 91-0244 |
| VERSUS | JUDGE DONALD E. WALTER |
| ALFRED LEVI BURNS, MINOT BUILDERS SUPPLY, INC. and CONTINENTAL INSURANCE COMPANY | MAGISTRATE JUDGE PAYNE |

### O R D E R

On May 19, 2004, this Court issued an Order denying the Ex Parte Petition for Transfer of Structured Settlement Rights [Doc. #114] filed on behalf of 321 Henderson Receivables Limited Partnership ("321 Henderson"). Finding that 321 Henderson has established compliance with the terms of La. R.S. 9:2715, **IT IS ORDERED** that the May 19 Order be **REVOKED,** and that the Order signed and attached hereto and made a part hereof **REPLACE** the May 19 Order.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this __24__ day of May, 2004.

COPY SENT:
DATE: 5/24/04
BY: DB
TO: Burns
Gary
August
MacManus
Denton
Gray
Abello
Kirkpatrick
Guagnard
Calahan
Joerner

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

RECEIVED

APR 2 8 2004

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 5 24 04
BY OB

CIVIL ACTION NO. CV91-0244
SECTION: "L"

DENISE POLK GARRETTE,
INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE
ESTATE OF JOSEPH JOHN GARRETTE, JR
AND DENISE POLK GARRETTE, AS
THE NATURAL TUTRIX OF THE MINOR
CHILDREN, DAVORIS TREVON POLK,
JOSEPH JOHN DELMAR GARRETTE
AND JOE-NIECIA SADA GARRETTE
VS
ALFRED LEVI BURNS, MINOT
BUILDERS SUPPLY, INC. AND
CONTINENTAL INSURANCE COMPANY

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

AND NOW, this 27 day of May, 2004, upon consideration of the unopposed petition of 321 Henderson Receivables Limited Partnership ("Henderson"), it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The transfer of structured settlement proceeds (the "Assigned Payments") by Denise Polk Garrette ("Ms. Garrette") to Henderson as described in the petition in this matter (the "Proposed Transfer") complies with 26 U.S.C. §5891(b)(3)(B), the federal statute that addresses approval of such transactions, and the requirements of the Louisiana Structured Settlement Protection Act, LA. R.S. 9:2711, *et. seq.*

2. Henderson has provided Ms. Garrette with a disclosure statement meeting the requirements of L.R.S. 9:2715(B)(2).

PHLIT\480914\1

3. The transfer is in the best interest of Ms. Garrette, taking into account the welfare and support of Ms. Garrette's dependents.

4. The Proposed Transfer does not contravene any federal or state statute or the order of any court or responsible administrative authority.

5. Ms. Garrette has received independent professional advice regarding legal, tax, and financial implications of the Proposed Transfer, as required by L.R.S. 9:2715(A)(3).

6. Henderson has disclosed to Ms. Garrette the discounted present value of the Proposed Transfer.

7. Henderson provided written notice of its name, address, and taxpayer identification number to Continental Insurance Company ("Continental") and Metropolitan Life Insurance Company ("Metropolitan").

8. The Proposed Transfer is approved. During the period the structured settlement payment rights are being assigned or encumbered pursuant to the transaction at issue, the designated contingent beneficiary of the Assigned Payments shall be the Estate of Denise Polk Garrette.

9. Continental shall instruct Metropolitan to forward the Assigned Payments to Henderson, by check made payable to 321 Henderson Receivables Limited Partnership, at P.O. Box 7780-4244, Philadelphia, PA 19182-4244, as follows:

- One hundred twenty (120) monthly payments of $800.00 each, beginning with the monthly payment due on January 6, 2010, and continuing through and including the monthly payment due on December 6, 2019.

10. In the event Henderson further assigns the Assigned Payments (or any portion thereof) to any other person or entity, neither Continental nor Metropolitan will be obligated to redirect the Assigned Payments (or any portion thereof) to any person or entity other than Henderson.

11. Henderson shall defend, indemnify, and hold harmless Continental, and its past, present, and future directors, shareholders, officers, agents, employees, servants, successors, and assigns, and any parent, subsidiary, or affiliate thereof, and their directors, shareholders, officers, agents, employees, servants, successors, and assigns, from and against any and all liability, including reasonable costs and attorneys' fees, for any and all claims made, including but not limited to any and all claims made by Ms. Garrette, or her heirs, beneficiaries, contingent beneficiaries, executors, administrators, and assigns, in connection with, related to, or arising out of the Assigned Payments or the Proposed Transfer.

12. Continental's lack of opposition to this matter, or its stipulation or Henderson's stipulation hereto or compliance herewith, shall not constitute evidence in any other matter, and is not intended to constitute evidence in any other matter, that:

    a. payments under a structured settlement contract or annuity or related contracts can be assigned or that "anti-assignment" or "anti-encumbrance" provisions in structured settlement contracts or annuities or related contracts are not valid and enforceable; or

    b. other transactions entered into by Henderson and its customers constitute valid sales, loans, and/or security interests; or

    c. Continental has waived any right in connection with any other litigation or claims; or

    d. Henderson has waived any right in connection with any other litigation or claims.

13. Henderson and Ms. Garrette, for themselves and their respective past, present, and future directors, shareholders, officers, agents, employees, servants, successors, heirs, beneficiaries, contingent beneficiaries, executors, administrators, and assigns, and any parent, subsidiary, or affiliate thereof, and their directors, shareholders, officers, agents, employees, servants, successors, heirs, beneficiaries, contingent beneficiaries, executors, administrators, and assigns (the "Releasors"), hereby remise, release, and forever discharge Continental, and its directors, shareholders, officers, agents, employees, servants, successors, and assigns, and any parent, subsidiary, or affiliate thereof, and their directors, shareholders, officers, agents, employees, servants, successors, and assigns, past and present (the "Releasees"), of and from any and all manner of actions and causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, settlements, damages, claims, and demands whatsoever, in law or in equity, in connection with, related to, or arising out of the Assigned Payments or the Proposed Transfer.

DONE I~~N OPEN COU~~RT this __ day of _____, 2004

_____
Judge

# ANTIN LAW FIRM

RECEIVED
APR 2 8 2004
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

PO Box 2605
Hammond, LA 70404-2605
104 N. Cypress Street
Hammond, LA 70401-3310

WALTER ANTIN, JR., LL.M. (in Taxation)
Board Certified Tax Attorney
Board Certified Estate Planning And Administration Specialist

JOHN GERHARDT TOERNER, LL.M. (in Taxation)
Board Certified Tax Attorney
Board Certified Estate Planning And Administration Specialist

(985) 542-8299 VOICE
(985) 542-8419 FAX
antinlaw@bellsouth.net
bantin@bellsouth.net
toerner@bellsouth.net

April 27, 2004

Catherine B. Carter, Deputy Clerk-in Charge
United States District Court
Western District of Louisiana
2100 U. S. Courthouse
800 Lafayette Street
Lafayette, LA 70501

    In Re: Exparte Petition For Transfer Of Structured Settlement Rights By
           321 Henderson Receivables Limited Partnership
           Denise Polk Garrette, et al vs. Alfred Levi Burns, et al
           Civil Action No. CV91-0244 Section L
           United State District Court, Western District of Louisiana
           Lafayette/Opelousas
           File No. 6220

Dear Clerk:

    Enclosed is an original and a copy of the Order granting the Exparte Petition For Transfer Of Structured Settlement Rights By 321 Henderson Receivables Limited Partnership recently filed with the Court. Since the 20 day delay for presenting the Order to the Judge has passed, I ask that you now present the Order and the file to the Judge for review and signature. Once the Judge has signed the Order, please return a certified copy to me.

    I thank you in advance for your assistance with this matter.

                                Very truly yours,

                                John G. Toerner