

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

OCT - 4 2004

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**DENISE POLK GARRETTE,**
**INDIVIDUALLY AND AS**
**ADMINISTRATRIX OF THE**
**ESTATE OF JOSEPH JOHN GARRETTE, JR**
**AND DENISE POLK GARRETTE, AS**
**THE NATURAL TUTRIX OF THE MINOR**
**CHILDREN, DAVORIS TREVON POLK,**
**JOSEPH JOHN DELMAR GARRETTE**
**AND JOE-NIECIA SADA GARRETTE**
**VS**
**ALFRED LEVI BURNS, MINOT**
**BUILDERS SUPPLY, INC. AND**
**CONTINENTAL INSURANCE COMPANY**

**CIVIL ACTION NO. CV91-0244**
**SECTION: "L"**

JUDGE WALTER

MAGISTRATE JUDGE METHVIN

_____     _____
   **FILING DATE**              **DEPUTY CLERK**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**EX PARTE PETITION**
**FOR TRANSFER OF STRUCTURED SETTLEMENT RIGHTS**
**BY 321 HENDERSON RECEIVABLES LIMITED PARTNERSHIP**

**NOW COMES** 321 Henderson Receivables Limited Partnership, through undersigned counsel, who, pursuant to L.R.S. 9:2715, a copy being attached as exhibit A for reference, respectfully petitions for the transfer of structured settlement rights as follows:

1.

321 Henderson Receivables Limited Partnership is a Nevada limited partnership and a "transferee" as defined by L.R.S. 9:2715(A)(13), namely, "a person who is receiving or will receive structured settlement payment rights from a payee", and it is hereinafter referred to as the "transferee".

2.

Denise Garrette, who resides and is domiciled at 304 Dear St., New Iberia, Louisiana, 70560,

in Iberia Parish, is a "payee" as defined by L.R.S. 9:2715(A)(5), namely, "an individual who receives damage payments that are not subject to income taxation under a structured settlement and proposes to make a transfer of payment rights", and Ms. Garrette is hereinafter referred to as the "Payee".

3.

The structured settlement referred to above is as defined by L.R.S. 9:2715(A)(6), namely, "an arrangement for periodic payment of damages for personal injury established by a settlement or judgment in resolution of a tort claim" and not "an arrangement for periodic payment of damages for personal injury established by a judgment of confession"; and the terms of the structured settlement are embodied in the structured settlement agreement attached as exhibit B.

4.

The structured settlement is the result of the personal injury that occurred on or about June 22, 1990, decedent, Joseph John Garrette, Jr., was a passenger in a vehicle driven by Oliver Garrette when the vehicle was struck from the rear by a tractor trailer driven by defendant, Alfred Levi Burns. As a result, decedent, sustained injuries which resulted in his death. Claimants filed a lawsuit against insureds in the United States District Court for the Western District of Louisiana, Lafayette-Opelousas Division under Civil Action Number CV91-0244; Section "L".

5.

Payee's rights to receive periodic payments are structured settlement payment rights as defined by L.R.S. 9:2715(A)(9) since Payee is domiciled in Louisiana or the structured settlement agreement was approved by a court in Louisiana or the settled claim was pending before a court of this state when the parties entered into the structured settlement agreement.

6.

The court has jurisdiction of this action in accordance with L.R.S. 9:2715(B)(1) as amended on June 27, 2003 since it is the court which had jurisdiction over Payee's original claim resolved by the structured settlement or it is a court in which Payee's original claim resolved by the structured settlement could have been brought, or it is the court in the parish where the payee resides at the time of filing the ex parte petition.

7.

Transferee attaches to this petition as required by L.R.S. 9:2715(B)(2) a copy of its application as exhibit C, a copy of the transfer agreement as exhibit D, and a disclosure statement in bold 14 point type to and acknowledged by Payee as exhibit E, which specify:

(a) The amounts and due dates of the structured settlement payments to be transferred.

(b) The aggregate amount of the payments.

(c) The discounted present value of the payments, together with the discount rate used in determining the discounted present value.

(d) The gross amount payable to Payee in exchange for the payments and an itemized listing, if any, of all brokers' commissions, service charges, application fees, processing fees, closing costs, filing fees, referral fees, administrative fees, legal fees, notary fees, and other commissions, fees, costs, expenses, and charges payable by the payee or deductible from the gross amount otherwise payable to Payee.

(e) The net amount payable to Payee after deduction of all commissions, fees, costs, expenses, and charges described above.

(f) The quotient, expressed as a percentage, obtained by dividing the net payment amount by the discounted present value of the payments, is disclosed in the following statement: "The net amount that you will receive from us in exchange for your future structured settlement payments represents 33.5% of the estimated current value of the payments".

(g) The effective annual interest rate is disclosed in the following statement: "Based on the net amount that you will receive from us and the amounts and timing of the structured settlement payments that you are turning over to us, you will, in effect, be paying interest to us at a rate of 15.06% per year".

(h) The amount of any penalty and the aggregate amount of any liquidated damages, including penalties, payable by Payee, if any, in the event of a breach of the transfer agreement by Payee.

(i) Transferee has given written notice of its name, address, and taxpayer identification number to the annuity issuer, meaning pursuant to L.R.S. 9:2715(A)(1)

the insurer that issued the annuity contract used to fund periodic payments under the structured settlement, namely, Metropolitan Life Insurance Company, and the structured settlement obligor, meaning pursuant to L.R.S. 9:2715(A)(8) the party who has the continuing periodic payment obligation to Payee under the structured settlement agreement, namely, Continental Insurance Company, exhibit F.

(j) The transfer agreement provides that, if Payee is domiciled in Louisiana, any disputes between the parties will be governed, interpreted, construed, and enforced in accordance with the laws of this state, and that the domicile state of Payee is the proper place of venue to bring any cause of action arising out of a breach of the agreement.

8.

Payee has received independent professional advice, meaning pursuant to L.R.S. 9:2715(A)(3) the advice of an attorney, certified public accountant, actuary or other licensed professional adviser who is engaged by Payee and not affiliated with or compensated by transferee and whose compensation is not affected by whether the transfer occurs, regarding the legal, tax, and financial implications of the transfer, as documented by attached exhibit G.

9.

Transferee disclosed to Payee the discounted present value, as detailed within attached exhibit Disclosure Settlement.

10.

All costs of court for the filing of this petition for transfer of structured settlement rights have been paid by transferee.

11.

The proposed transfer of structured settlement rights does not contravene any Federal or State statute or the order of any court or responsible administrative authority, and it is in the best interest of the Payee, taking into account the welfare and support of the Payee's dependants;

**Wherefore, <u>after twenty (20) days from the date of filing of this petition</u>,** transferee as petitioner prays for an order approving the transfer of structured settlement rights by Payee to transferee as set forth in this petition and its exhibits.

Respectfully submitted:

*[signature]*

John G. Toerner, Bar No. 23575
104 North Cypress Street
P. O. Box 2605
Hammond, LA 70404
(985) 542-8299
(985) 542-8419 FAX

## Certificate Of Service

I certify that the foregoing Ex Parte Petition For Transfer Of Structured Settlement Right By 321 Henderson Receivables Limited Partnership and related form of Order has been served by United States Mail, postage pre-paid and certified mail, return receipt requested where indicated, this 30th day of September, 2004 addressed as follows:

Denise Garrette
304 Dear St.
New Iberia, LA 70560

P. Charles Calahan, Esq.
314 E. Pershing Street
PO Box 9547
New Iberia, LA 70562-9547
(Legal Counsel for Denise Garrette)

Glenda M. August, Esq.
129 W. Pershing St.
New Iberia, LA 70560
(Counsel of record Denise Garrette, et al)

W.E. Gary, Esq
Gary, Williams & Parenti
221 Southeast Osceola Street
Stuart, FL 34994
(Counsel of record for Denise Garrette, et al.)

Benjamin O. Burns, Esq
Suite 2-D
224 St. Landry St.
Lafayette, LA 70502
(Counsel of record for Denise Garrette, et al.)

John G. Allelo, Esq.
340 Florida St.
Baton Rouge, LA 70821
(Counsel of record for Alfred Levi Burns,
Minot Builders and Continental Insurance Company)

James P. Macmanus, Esq.
2250 W. Main Street
Lafayette, LA 70502
Counsel of record for James P. Macmanus)

Metropolitan Life Insurance Company
1 Madison Avenue
New York, NY 10010
Attn: Legal Dept./Structured Settlements
(Certified mail, return receipt requested)

Continental Insurance Company
100 Cna Drive
Nashville, TN 37214
Attn: Legal Dept./Structured Settlements
(Certified mail, return receipt requested)

_____
John G. Toerner

# ANTIN LAW FIRM

**RECEIVED**

**OCT 0 4 2004**

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
WALTER ANTIN, JR., LL.M. (in Taxation)
Board Certified Tax Attorney
Board Certified Estate Planning And Administration Specialist

JOHN GERHARDT TOERNER, LL.M. (in Taxation)
Board Certified Tax Attorney
Board Certified Estate Planning And Administration Specialist

PO Box 2605
Hammond, LA 70404-2605
104 N. Cypress Street
Hammond, LA 70401-3310

(985) 542-8299 VOICE
(985) 542-8419 FAX
antinlaw@bellsouth.net
bantin@bellsouth.net
toerner@bellsouth.net

September 30, 2004

Catherine B. Carter, Deputy Clerk-in Charge
United States District Court
Western District of Louisiana
2100 U. S. Courthouse
800 Lafayette Street
Lafayette, LA 70501

> In Re: Exparte Petition For Transfer Of Structured Settlement Rights
> By 321 Henderson Receivables Limited Partnership
> Denise Polk Garrette, et al vs. Alfred Levi Burns, et al
> Civil Action No. CV91-0244 Section L
> United State District Court, Western District of Louisiana
> Lafayette/Opelousas
> File No. 6298

Dear Clerk:

Enclosed for filing in accordance with L.R.S. 9:2715 in the above proceedings please find an original and one copy of an Exparte Petition For Transfer Of Structured Settlement Rights By 321 Henderson Receivables Limited Partnership with exhibits.

**Notice particularly that the petition's order in accordance with the second sentence of paragraph (B)(1) of the referenced statute may be signed 20 days following the petition's filing, but not before.** After the necessary delay, I will send you an Order and ask that you present the petition and the Order to the Court for consideration, and then return a certified copy of the Order once signed by the Judge and entered.

Catherine B. Carter-Deputy Clerk-in Charge
United States District Court
Western District of Louisiana
September 30, 2004
Page - 2 -

    Please return a conformed copy of the first page of the petition in the envelope provided and return a copy of the Order granting leave of the court to intervene.

    I thank you in advance for your prompt assistance with this matter.

Very truly yours,

John G. Toerner

/dbb

Enclosure

cc: Mr. David J. Reape w/encls.